Case No. 23-12469

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

CITY OF ATLANTA,
Appellant-Defendant,

v.

LISA BAKER, JACQUELINE DOUGHTERY, KENYANNA JONES, and AMELIA WELTNER,
Appellee-Plaintiffs.

_____

Appeal from the United States District Court
for the Northern District of Georgia

**APPELLANT CITY OF ATLANTA'S MOTION TO EXPEDITE**

Robert L. Ashe
Jane D. "Danny" Vincent
Matthew R. Sellers

BONDURANT MIXSON & ELMORE LLP
1201 W. Peachtree St. NE, Suite 3900
Atlanta, GA 30309
404-881-4100

*Attorneys for Appellant-Defendant City of Atlanta*

Case No. 23-12469
City of Atlanta v. Baker

**<u>CERTIFICATE OF INTERESTED PERSONS</u>**
**<u>AND CORPORATE DISCLOSURE STATEMENT</u>**

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, 26.1-2, and 26.1-3, the following trial judges, attorneys, persons, associations of persons, firms, partnerships, and corporations are known or believed to have an actual or potential interest in the outcome of this case or appeal:

- Ashe III, Robert L. (Counsel for Appellant)

- Baker, Lisa (Appellee-Plaintiff)

- Bondurant, Mixson & Elmore, LLP (Law Firm Counsel for Appellant)

- City of Atlanta (Appellant-Defendant)

- Cohen, Mark H. (United States District Judge – Northern District of Georgia)

- Defend Atlanta Forest (Interested Association of Persons)

- Dougherty, Jacqueline (Appellee-Plaintiff)

- Filipovits, Jeff (Counsel for Appellees)

- Law Offices of Gerry Weber, LLC (Law Firm Counsel for Appellees)

- Jones, Keyanna (Appellee-Plaintiff)

- Patel, Alkesh B. (Counsel for Former Defendant and Trial Court Amicus State of Georgia)

- Sellers, Matthew R. (Counsel for Appellant)

Case No. 23-12469
City of Atlanta v. Baker

- Smith, Wingo (Counsel for Appellees)

- Spears, Brian (Counsel for Appellees)

- Spears & Filipovits, LLC (Law Firm Counsel for Appellees)

- State of Georgia (Former Defendant and Amicus)

- Stop Cop City Coalition (Interested Association of Persons)

- Vincent, Jane D. (Counsel for Appellant)

- Weber, Gerald (Counsel for Appellees)

- Weltner, Amelia (Appellee-Plaintiff)

- Winkles, Logan. B. (Counsel for Former Defendant and Trial Court Amicus State of Georgia)

The City of Atlanta is a municipality created by the State of Georgia and thus has no parent corporations or publicly traded corporations to disclose.

Pursuant to Fed. R. App. P. 2 and Eleventh Circuit I.O.P. 3, the City of Atlanta ("City") requests that this Court expedite its appeal of the preliminary injunction entered by the district court on July 27, 2023. This appeal warrants expedited treatment because the preliminary injunction requires the City to count signatures on a citizen referendum petition that were collected out of compliance with state law in multiple ways. The City Council must soon begin signature verification and must complete that process in just fifty days after submission of signed petitions. The City maintains that the preliminary injunction is erroneous, and the City needs certainty about its obligations before it begins the expensive, time-consuming signature verification process. That process and statutory deadline could begin any day, and so the City requests prompt briefing and review.

For background, since June 22, 2023, a coalition of individuals and organizations have been circulating a referendum petition that seeks to repeal a 2021 City ordinance that authorized the lease of City property to the Atlanta Police Foundation to build a Public Safety Training Center. They seek to have their referendum placed on the November 2023 ballot. The petition and referendum process is governed by the Georgia Municipal Home Rule Act, O.C.G.A. § 36-35-3,

and a City ordinance that mirrors it, Atl. City Code § 66-37.[1]  The Home Rule Act and the City petition ordinance include a "residency verification requirement" that requires a city resident to attest that petition signatures "were collected" within the City limits.  *Id.*  The Home Rule Act and the City petition ordinance also contain a strict 60-day deadline to submit the signed petition.  *Id.*  They provide that a petition "***shall not be accepted*** by the governing authority for verification if ***more than 60 days*** have elapsed since the date the sponsor of the petition ***first obtained copies of the petition*** from the clerk of the governing authority." O.C.G.A. § 36-35-3(b)(2)(C) (emphasis added); *see also* Atl. City Code § 66-37.  The Plaintiff-Appellees sued to challenge the residency verification requirement and for an extension of time to submit signatures.

The district court entered a preliminary injunction granting the requested relief.  Besides being erroneous, the district court's action violated the *Purcell* principle, which "reflects a bedrock tenet of election law: When an election is close at hand, the rules of the road must be clear and settled. Late judicial tinkering…can

---

[1] Atl. City Code § 66-37 is in the record as Doc. 1-1.  As set forth in detail in the City's Appellant Brief, neither the Home Rule Act nor City ordinance authorizes the referendum at issue, which seeks to repeal a city ordinance.  Rather, O.C.G.A. § 36-35-3 only authorizes referendums regarding amendments of city charters. *Kemp v. Claxton*, 496 S.E.2d 712 (1998).

lead to disruption and to unanticipated and unfair consequences." *Merrill v. Milligan*, 142 S. Ct. 879, 880–81 (2022) (Mem.) (Kavanaugh, J., concurring). But the injunction currently binds the City and sets the petition sponsors' new deadline to submit signatures at September 25, 2023—a little over a month away. Of course, the sponsors could submit petitions sooner. Indeed, they originally claimed that they intended to submit them on August 21, 2023 until they reversed course.

The City needs expedited review of the injunction because the Home Rule Act and the City petition ordinance set strict deadlines for the City to act once the petition sponsors submit signed petitions, and the City needs certainty about its obligations to proceed with signature verification. One way or another, the City must begin verifying signatures within the next 35 days. It has limited time to do so. Under the Home Rule Act and the City petition ordinance, the City Council has just 50 days to verify petition signatures after the petition sponsors submit the petition to the municipal clerk. *See* O.C.G.A. § 36-35-3(b)(2)(A); Atl. City Code § 66-37. After the 50-day signature verification period expires, the City Council has just one week to call for a special election. *Id.* Even under the district court's extended deadline of September 25, then, the City has only until November 14, 2023 to verify petition signatures *at the very latest*. If the petition sponsors submit the petition earlier, the City will have less time.

3

That leaves very little time before the signature verification process must begin. The City submitted its merits brief contemporaneously with this motion, so the due date for a response brief is September 20, 2023—just five days before the sponsors must submit their petitions. *See* Fed. R. App. P. 31(a)(1). Even if the City files its reply within a week, rather than the usual 21 days, *see id.*, the signature verification process will have already begun. Of course, that assumes the sponsors take until September 25. The signature verification process may well begin sooner. Regardless, absent an expedited schedule, the signature verification process will have to proceed without time for decision by this Court. All this counsels in favor of expediting the appeal, to allow this Court time to decide the appeal before the City must complete its review.

The City promptly sought this relief, as well as a stay of the district court injunction. The district court entered its preliminary injunction on July 27, 2023, and the City moved the district court to stay its order the next day. The district court denied that motion last week, on August 14. Meanwhile, this Court docketed the appeal on August 3. The City has submitted this motion, its opening brief, and its motion to stay pending appeal on August 21, within 18 days of the docketing of the appeal and 7 days of the district court order denying the stay.

Because the City must begin signature verification in the next 35 days and must complete it within at least the next 85 days, the City requests that this Court grant expedited review of its appeal.

Respectfully submitted this 21st day of August, 2023.

/s/Robert L. Ashe
Robert L. Ashe III
Georgia Bar No. 208077
ashe@bmelaw.com
Jane D. Vincent
Georgia Bar. No. 350850
vincent@bmelaw.com
Matthew R. Sellers
Georgia Bar No. 691202
sellers@bmelaw.com
Bondurant, Mixson & Elmore, LLP
1201 W. Peachtree Street, NW
Atlanta, GA  30309
(404) 881-4100 – Telephone

*Attorneys for the City of Atlanta*

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because this motion does not exceed 5,200 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This motion complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word with size 14 Times New Roman font.

This certification is made on August 21, 2023.

                                                                             */s/ Robert L. Ashe III*
                                                                             Robert L. Ashe III
                                                                             Georgia Bar No. 208077

## CERTIFICATE OF SERVICE

I certify that, on August 21, 2023, I served a copy of this **APPELLANT CITY OF ATLANTA'S MOTION TO EXPEDITE** by filing a copy with the Court's CM/ECF system, which will automatically serve a copy on counsel of record by email.

*/s/ Robert L. Ashe*
Robert L. Ashe III
Georgia Bar No. 208077