Case No. 23-12469

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

CITY OF ATLANTA,
Appellant-Defendant,

v.

LISA BAKER, JACQUELINE DOUGHERTY, KEYANNA JONES, and AMELIA WELTNER,
Appellee-Plaintiffs.

_____

Appeal from the United States District Court
for the Northern District of Georgia

## APPELLANT CITY OF ATLANTA'S REPLY
## IN SUPPORT OF MOTION TO EXPEDITE

Robert L. Ashe
Jane D. "Danny" Vincent
Matthew R. Sellers

BONDURANT MIXSON & ELMORE LLP
1201 W. Peachtree St. NE, Suite 3900
Atlanta, GA 30309
404-881-4100

*Attorneys for Appellant-Defendant City of Atlanta*

Case No. 23-12469
City of Atlanta v. Baker

### CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, 26.1-2, and 26.1-3, the following trial judges, attorneys, persons, associations of persons, firms, partnerships, and corporations are known or believed to have an actual or potential interest in the outcome of this case or appeal:

- Ashe III, Robert L. (Counsel for Appellant)
- Baker, Lisa (Appellee-Plaintiff)
- Bondurant, Mixson & Elmore, LLP (Law Firm Counsel for Appellant)
- City of Atlanta (Appellant-Defendant)
- Cohen, Mark H. (United States District Judge – Northern District of Georgia)
- Defend Atlanta Forest (Interested Association of Persons)
- Dougherty, Jacqueline (Appellee-Plaintiff)
- Filipovits, Jeff (Counsel for Appellees)
- Law Offices of Gerry Weber, LLC (Law Firm Counsel for Appellees)
- Jones, Keyanna (Appellee-Plaintiff)
- Patel, Alkesh B. (Counsel for Former Defendant and Trial Court Amicus State of Georgia)
- Sellers, Matthew R. (Counsel for Appellant)

C-1 of 2

Case No. 23-12469
City of Atlanta v. Baker

- Smith, Wingo (Counsel for Appellees)

- Spears, Brian (Counsel for Appellees)

- Spears & Filipovits, LLC (Law Firm Counsel for Appellees)

- State of Georgia (Former Defendant and Amicus)

- Stop Cop City Coalition (Interested Association of Persons)

- Vincent, Jane D. (Counsel for Appellant)

- Weber, Gerald (Counsel for Appellees)

- Weltner, Amelia (Appellee-Plaintiff)

- Winkles, Logan. B. (Counsel for Former Defendant and Trial Court Amicus State of Georgia)

The City of Atlanta is a municipality created by the State of Georgia and thus has no parent corporations or publicly traded corporations to disclose.

Appellant the City of Atlanta submits this reply in support of its Motion to Expedite, per the Court's order directing a reply by close of business on August 31, 2023. The City requests that the Court grant the Motion and set a briefing schedule that will enable a decision on the preliminary injunction as soon as possible, and in no event later than November 14, 2023, the last possible date by which the City must validate the petition.

Appellees Lisa Baker, Jacqueline Dougherty, Keyanna Jones, and Amelia Weltner (together, "Plaintiffs") do not oppose expediting the appeal. They quibble only with the date by which they (wrongly) claim the City requested a decision, which they put at September 20. The City mentions September 20 in its Motion as the deadline for Plaintiffs to file their merits response brief under Federal Rule of Appellate Procedure 31(a)(1).[1] Of course, September 20 was the *ordinary* deadline under Rule 31 for Plaintiffs' response brief: 30 days after the City filed and served its opening brief on August 21.[2]

This appeal warrants faster consideration than that, as the Plaintiffs seem to acknowledge. The petition could be submitted to the City anytime between today and September 25, and, as the Court is aware, that submission will start the 50-day

---

[1] *See* 11th Cir. Doc. 15, City's Mot. to Expedite, at 7.
[2] The Clerk subsequently issued a briefing notice setting the deadline at September 27, two days after the petition sponsors must submit the petition to the City.

1

clock for the City Council to verify signatures on the petition. If the City Council validates the petition, the City Council has just 7 days to call for the referendum to be placed on the ballot. Although the district court gave the sponsors until September 25 to submit the petition, they do not have to take the whole time. Indeed, the petition sponsors initially told the City and the press that they had 104,000 signatures and would file the petition at City Hall on Monday, August 21 at 10:00am. But they did not show up at that time and later informed the City that they would not be submitting the petitions that day at all.

Since then, the sponsors have given no indication of when they might file the petition. Thus, the statutory deadline for the City to determine whether the signatures are valid (including the issue of the residency verification) could be anytime between October 20 and November 14.[3] This means the City will need to know whether signatures without the residency verification are valid no later than November 14, but potentially as early as October 20. And the October 20 date assumes that the City takes all 50 days to validate the petition. The Plaintiffs themselves claim that the City could call for the referendum on the November 7 ballot until October 4, a date that could be met, depending on several factors that are unknown at this point, such as when the petition is submitted and the time to validate signatures.

---

[3] October 20 is 50 days from August 31, the date of this reply, while November 14 is 50 days from September 25, the deadline the district court's preliminary injunction set.

2

Considering these impending deadlines, the correct benchmark for expediting the appeal schedule is not, as Plaintiffs suggest, the March 2024 election. The correct reference point is within the next 50 to 75 days, between October 20 and November 14, when the City must complete the signature verification process one way or another.

The City thus requests an expedited briefing schedule that accounts for this imminent time-frame and would allow the Court to rule on the preliminary injunction promptly, and in any event no later than November 14. The City defers to the Court on the briefing schedule that would best serve that goal, but proposes that Plaintiffs file their Response Brief by September 8 with the City's reply due September 15. That schedule gives Plaintiffs 18 days from the date the City filed its merits brief, and it will give the Court time to rule before the November 14 hard deadline. The City will inform the Court of any new deadlines if the petition sponsors submit the petition prior to September 25.

Respectfully submitted this 31st day of August, 2023.

                                              */s/Robert L. Ashe III*
                                              Robert L. Ashe III
                                              Georgia Bar No. 208077
                                              ashe@bmelaw.com
                                              Jane D. Vincent
                                              Georgia Bar. No. 350850
                                              vincent@bmelaw.com
                                              Matthew R. Sellers

Georgia Bar No. 691202
sellers@bmelaw.com
Bondurant, Mixson & Elmore, LLP
1201 W. Peachtree Street, NW
Atlanta, GA  30309
(404) 881-4100 – Telephone

*Attorneys for the City of Atlanta*

4

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because this motion does not exceed 5,200 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This motion complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word with size 14 Times New Roman font.

This certification is made on August 31, 2023.

*/s/ Robert L. Ashe III*
Robert L. Ashe III
Georgia Bar No. 208077

## **CERTIFICATE OF SERVICE**

I certify that, on August 31, 2023, I served a copy of this **APPELLANT CITY OF ATLANTA'S REPLY IN SUPPORT OF MOTION TO EXPEDITE** by filing a copy with the Court's CM/ECF system, which will automatically serve a copy on counsel of record by email.

/s/ *Robert L. Ashe III*
Robert L. Ashe III
Georgia Bar No. 208077