# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-12469

_____

LISA BAKER,
JACQUELINE DOUGHERTY,
KEYANNA JONES,
AMELIA WELTNER,

                                                  Plaintiffs-Appellees,

*versus*

CITY OF ATLANTA,

                                                  Defendant-Appellant,

STATE OF GEORGIA,

                                                  Defendant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:23-cv-02999-MHC

_____

ORDER:

Article III of the United States Constitution limits the "judicial Power"—and thus the jurisdiction of the federal courts—to "Cases" and "Controversies." U.S. Const. art. III, § 2. The standing doctrine is an essential part of this case-or-controversy requirement. One prong of the standing doctrine requires a plaintiff to show it is likely, and not merely speculative, that a favorable judgment will redress his injury. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). The City of Atlanta derives its authority from Georgia's Home Rule Act. Only the City of Atlanta is a party to this case and only the City of Atlanta's ordinance was enjoined by the district court. In its briefs, the City of Atlanta argues that even with that injunction in place, it must still follow the Home Rule Act which includes the relevant residency requirement. Do the plaintiffs have standing? Can their injuries be redressed by a judgment in their favor against the City of Atlanta?

The court requests that the parties address this question in a supplemental brief. The supplemental brief must be filed no later than fourteen days from the date of this order and run no longer than fifteen double-spaced pages.

DAVID J. SMITH
Clerk of the United States Court of
Appeals for the Eleventh Circuit

ENTERED FOR THE COURT - BY DIRECTION