Case No. 23-12469

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

CITY OF ATLANTA,
Appellant-Defendant,

v.

LISA BAKER, JACQUELINE DOUGHERTY, KEYANNA JONES, and
AMELIA WELTNER,
Appellee-Plaintiffs.

_____

Appeal from the United States District Court
for the Northern District of Georgia

**APPELLANT CITY OF ATLANTA'S SUPPLEMENTAL BRIEF**

Robert L. Ashe
Jane D. "Danny" Vincent
Matthew R. Sellers

BONDURANT MIXSON & ELMORE LLP
1201 W. Peachtree St. NE, Suite 3900
Atlanta, GA 30309
404-881-4100

*Attorneys for Appellant-Defendant City of Atlanta*

Case No. 23-12469
City of Atlanta v. Baker

# CERTIFICATE OF INTERESTED PERSONS
# AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1, 26.1-2, and 26.1-3, the following trial judges, attorneys, persons, associations of persons, firms, partnerships, and corporations are known or believed to have an actual or potential interest in the outcome of this case or appeal:

- Ashe III, Robert L. (Counsel for Appellant)

- Atlanta Police Foundation, Inc. (Interested Non-Party)

- Baker, Lisa (Appellee-Plaintiff)

- Ballot Initiative Strategy Foundation (Amicus)

- Bondurant, Mixson & Elmore, LLP (Law Firm Counsel for Appellant)

- Carr, Christopher M. (Counsel for Amicus)

- Cepar, Drago, Jr. (Counsel for Amicus)

- City of Atlanta (Appellant-Defendant)

- Cohen, Mark H. (United States District Judge – Northern District of Georgia)

- Defend Atlanta Forest (Interested Association of Persons)

- Dougherty, Jacqueline (Appellee-Plaintiff)

- Filipovits, Jeff (Counsel for Appellees)

- Hamilton, Samantha C. (Counsel for Amicus)

- Law Offices of Gerry Weber, LLC (Law Firm Counsel for Appellees)

- Jones, Keyanna (Appellee-Plaintiff)

- Lee, Jin Hee (Counsel for Amicus)

- Mordecai, Kacey (Counsel for Amicus)

- Moss, David (Counsel for Amicus)

- NAACP Legal Defense & Educational Fund, Inc. (Amicus)

- Nelson, Janai S. (Counsel for Amicus)

- Oredeko, Anne (Counsel for Amicus)

- Patel, Alkesh B. (Counsel for Former Defendant and Trial Court Amicus State of Georgia)

- Petrany, Stephen J. (Counsel for Amicus)

- Sandler, Joseph E. (Counsel for Amicus)

- Sellers, Matthew R. (Counsel for Appellant)

- Smith, Wingo (Counsel for Appellees)

- Spears, Brian (Counsel for Appellees)

- Spears & Filipovits, LLC (Law Firm Counsel for Appellees)

- Spencer, R. Gary (Counsel for Amicus)

- Spital, Samuel (Counsel for Amicus)

- State of Georgia (Former Defendant and Amicus)

- Stop Cop City Coalition (Interested Association of Persons)

- University of Georgia School of Law First Amendment Clinic (Amicus)

- Vincent, Jane D. (Counsel for Appellant)

- Weber, Gerald (Counsel for Appellees)

- Weltner, Amelia (Appellee-Plaintiff)

- Winkles, Logan. B. (Counsel for Former Defendant and Trial Court Amicus State of Georgia)

- Xiong, Lucy (Counsel for Amicus)

The City of Atlanta is a municipality created by the State of Georgia and thus has no parent corporations or publicly traded corporations to disclose.

## TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT ....................................................................C-1

TABLE OF CONTENTS ................................................................................... i

TABLE OF AUTHORITIES ............................................................................. ii

INTRODUCTION ............................................................................................. 1

ARGUMENT AND CITATION TO AUTHORITY ........................................ 1

    I.    A federal court cannot give effective redress because Georgia Supreme Court precedent bars the referendum Petitioners support ........... 3

    II.   The injunction does not give effective redress because the Home Rule Act independently bars the referendum Petitioners support .............. 7

CONCLUSION .................................................................................................. 9

# TABLE OF AUTHORITIES

Cases:

*Franklin Cnty. v. Fieldale Farms Corp.*,
    270 Ga. 272 (1998)...................................................................................3

*Gonzalez v. Gov. of Ga.*,
    978 F.3d 1266 (11th Cir. 2020)................................................................5

*Jones v. Boone*,
    297 Ga. 437 (2015)...................................................................................8

*Kemp v. City of Claxton*,
    269 Ga. 173 (1998)...............................................................2, 3, 4, 5, 6, 7

*Lewis v. Gov. of Ala.*,
    944 F.3d 1287 (11th Cir. 2019)............................................................4, 8

*Maverick Media Grp., Inc. v. Hillsborough Cnty.*,
    528 F.3d 817 (11th Cir. 2008)..............................................................3, 4

*Mickelson v. Cnty. of Ramsey*,
    823 F.3d 918 (8th Cir. 2016)....................................................................6

*Mulhall v. UNITE HERE Local 355*,
    618 F.3d 1279 (11th Cir. 2010)................................................................5

*Perdue v. Baker*,
    277 Ga. 1 (2003).......................................................................................8

*Region 8 Forest Service Timber Purchasers Council v. Alcock*,
    993 F.2d 800 (11th Cir. 1993)..................................................................1

*Seminole Tribe v. Florida*,
    517 U.S. 44 (1996)....................................................................................9

*Sweatt v. Camden Cnty.*,
    315 Ga. 498 (2023) ................................................................................5

*Tokyo Gwinnett, LLC v. Gwinnett Cnty.*,
    940 F.3d 1254 (11th Cir. 2019) ......................................................... 3, 7

Statutes:

Ga. Const. art. 3, § 6, ¶ IV(a) ..................................................................... 6

O.C.G.A. § 36-35-3 ............................................................................... 3, 7

O.C.G.A. § 45-15-35 ................................................................................. 8

## INTRODUCTION

Appellant the City of Atlanta ("City") submits this supplemental brief in accordance with the Court's November 20 Order. Appellees Lisa Baker, Jacqueline Dougherty, Keyanna Jones, and Amelia Weltner (collectively, "Petitioners"), lack standing to sue because a federal court judgment will not redress their injuries. The district court thus lacked subject matter jurisdiction. This Court should vacate the preliminary injunction and remand with instructions to dismiss. If the Court takes jurisdiction, the City maintains that the district court issued the preliminary injunction in error for all the reasons stated in its Opening Brief and Reply Brief.

## ARGUMENT AND CITATION TO AUTHORITY

Petitioners failed to "establish … standing to sue" as a prerequisite to invoking federal jurisdiction. *Lewis v. Gov. of Ala.*, 944 F.3d 1287, 1296 (11th Cir. 2019) (en banc). The standing doctrine has "three (by now familiar) criteria … injury-in-fact, traceability, and redressability." *Id.* (quotation marks omitted). To establish redressability, "the plaintiff must show that it is likely, not merely speculative, that a favorable judgment will redress her injury." *Id.* The district court here did not address standing, but this Court may "consider the issue for the first time on appeal" to meet its "independent obligation to examine [its] own jurisdiction." *Region 8 Forest Service Timber Purchasers Council v. Alcock*, 993 F.2d 800, 807 n.9 (11th Cir. 1993).

1

Petitioners premise their injury on the assumption that the petition they support will result in a referendum to repeal an ordinance. They allegedly "have a strong interest in … gathering signatures for a referendum ***to be voted upon*** by their City of Atlanta neighbors."[1] The City Code section restricting non-residents from attesting petition signatures were collected within the City limits injures them, they claim, by "endanger[ing] any effort to successfully petition local governments to ***amend or repeal laws*** by popular vote."[2]

Even if the City Code causes injury by preventing them from attesting petition signatures were gathered in the City limits, a point the City contests, the Petitioners still lack standing because a federal court judgment will not redress this injury. This is so for two independent reasons. First, Georgia Supreme Court precedent holds that the Georgia Home Rule Act, which authorizes the City's petition and referendum, "applies only to amendments to municipal charters," not to "referend[a] on all ordinances." *Kemp v. City of Claxton*, 269 Ga. 173, 176 (1998) (emphasis added). Second, the Georgia Home Rule Act, which the district court left intact, contains an identical residency requirement to the one in the City Code that the district court enjoined. The City is still bound by that provision of the Home Rule Act. And the State of Georgia, not the City, has the ultimate power to enforce the Home Rule Act.

---

[1] Doc. 1 ¶ 61 (emphasis added).
[2] *Id.* ¶ 60 (emphasis added).

I. **A federal court cannot give effective redress because Georgia Supreme Court precedent bars the referendum Petitioners support.**

Petitioners cannot establish redressability because an "unchallenged [law] … still … prohibit[s]" the referendum they support even with the district court's preliminary injunction in place. *Maverick Media Grp., Inc. v. Hillsborough Cnty.*, 528 F.3d 817, 820 (11th Cir. 2008). This Court "ha[s] concluded that a plaintiff's claims were not redressable [when] a different, unchallenged [law] precluded relief." *Tokyo Gwinnett, LLC v. Gwinnett Cnty.*, 940 F.3d 1254, 1266 (11th Cir. 2019).

The Georgia Home Rule Act, from which the City derives authority for its own petition ordinance, does not authorize the proposed referendum to repeal an ordinance. As the City explained in its Opening Brief, binding Georgia Supreme Court precedent holds that the petition and referendum process in the Home Rule Act, O.C.G.A. § 36-35-3(b), "applies *only* to amendments to municipal charters." *Kemp*, 269 Ga. at 176 (emphasis added). The *Kemp* court "reject[ed] the argument that" the Home Rule Act "would allow the electorate to petition for a referendum on all ordinances." *Id.* The City must follow the Home Rule Act, *see Franklin Cnty. v. Fieldale Farms Corp.*, 270 Ga. 272, 277 (1998), so *Kemp*'s holding applies equally to the City's petition and referendum process in City Code § 66-37.

Because *Kemp* independently bars the referendum that Petitioners support, the district court cannot redress the alleged injury: that "the inability of nonresidents to gather signatures for the proposed referendum … mak[es] it more difficult to obtain

3

the required number of signatures to place the initiative on the ballot."[3] Even under the district court injunction permitting non-residents to gather signatures, *Kemp* still bars the referendum to repeal an ordinance. In the parlance of the standing doctrine, the preliminary injunction does not make it *any* more likely—let alone "significantly more likely," *Lewis*, 944 F.3d at 1296—that Petitioners can "successfully petition local governments to amend or repeal laws by popular vote."[4]

This Court has found a lack of redressability in similar circumstances. In *Maverick*, for example, a plaintiff challenged a Florida sign ordinance provision that banned offsite signs. 528 F.3d at 819. But the sign ordinance's size and height restrictions, which plaintiff did not challenge, independently barred the proposed signs. *Id.* at 821. The Court held the plaintiff lacked standing because "the County could have denied Maverick's applications under an alternative, unchallenged provision of its sign ordinance." *Id. Kemp* has the same effect here as the unchallenged size and height restrictions had in *Maverick*, so *Maverick* dictates that Petitioners lack standing. The arguments raised by Petitioners in their Response Brief do not change this conclusion.

---

[3] Doc. 26 at 24. *See also* Doc. 1 ¶ 61 ("Plaintiffs therefore have a strong interest in … gathering signatures for a referendum ***to be voted upon*** by their City of Atlanta neighbors." (emphasis added)).

[4] Doc. 1 ¶ 60.

4

First, Petitioners claim *Kemp* "will not survive a challenge in Georgia Courts."[5] But that brash prognostication does not change that this Court is "bound by the decisions of the Supreme Court of Georgia on questions of Georgia law." *Gonzalez v. Gov. of Ga.*, 978 F.3d 1266, 1271 (11th Cir. 2020). Indeed, the Georgia Supreme Court has expressly declined to "consider … whether *Kemp* should be overruled." *Sweatt v. Camden Cnty.*, 315 Ga. 498, 512 (2023). This Court is bound to follow *Kemp* unless and until the Georgia Supreme Court decides otherwise.

Second, no doubt recognizing that this Court must follow *Kemp*, Petitioners claim they *could* challenge *Kemp* in a hypothetical future state court proceeding, assuming they obtain enough signatures.[6] There is no authority for that kind of wait-and-see approach. Article III does not sanction federal courts deciding cases that "depend[] on the resolution of other," as-yet unfiled "judicial proceedings." *Mulhall v. UNITE HERE Local 355*, 618 F.3d 1279, 1291 (11th Cir. 2010). Petitioners could, after all, bring a future action and lose. The Georgia Supreme Court might well decline to overrule *Kemp* for reasons previously explained in their Reply Brief.[7] That outcome would confirm that Petitioners lacked standing to bring this action in the first place. Petitioners cannot ground standing on their hope that the Georgia

---

[5] Appellees' Resp. at 30.
[6] Appellees' Resp. at 28.
[7] Appellant's Reply at 4–10.

5

Supreme Court might someday side with them; they must show an injunction would give them effective relief *now*.

Third, the City Charter does not, as Petitioners claim, authorize the petition and referendum independent of the Georgia Home Rule Act.[8] As the City explained in its Reply Brief, the Georgia Constitution's Uniformity Clause requires "uniform operation" of general state laws, and it forbids "local or special law[s] … for which provision has been made by an existing general law." Ga. Const. art. 3, § 6, ¶ IV(a). The Home Rule Act specifies a petition and referendum process; any deviation from that process would conflict with the general law and violate the Uniformity Clause.

Fourth, Petitioners at times reframe their injury as a right to "participate" in the petition process "on equal terms as Atlanta residents."[9] But this reframed injury does not create standing. The purpose of the petition process is not simply to collect signatures, it is to hold a referendum. The law does not "mandate procedure for its own sake." *Mickelson v. Cnty. of Ramsey*, 823 F.3d 918, 932 (8th Cir. 2016) (quotation omitted). *Kemp* bars the referendum Petitioners desire to bring about irrespective of the process. The district court's injunction to change the process makes no difference to the ultimate outcome.

---

[8] Appellee's Resp. at 32.

[9] Appellee's Resp. at 28. At other points, the Petitioners admit that the residency requirement injures them by "mak[ing] it less likely that the referendum effort will succeed." *Id.* at 16.

6

The bottom line is that *Kemp* independently bars the referendum Petitioners support. So long as *Kemp* stands, neither this Court nor the district court can provide any relief that will make it more likely that Petitioners can "successfully petition local governments to amend or repeal laws by popular vote."[10]

## II. The injunction does not give effective redress because the Home Rule Act independently bars the referendum Petitioners support.

The district court's preliminary injunction does not redress the Petitioners' injuries because it enjoins only the City Code, but not the Home Rule Act.[11] As the Court knows, the Home Rule Act imposes the exact residency requirement that Petitioners challenge. *See* O.C.G.A. § 36-35-3(b)(2). As things stand, the City must still obey the residency requirement of the Home Rule Act. This different law independently bars the City from accepting signatures if Petitioners, who are not City residents, try to attest they collected signatures in the City limits, and bars the City from accepting untimely-submitted petitions. This Court "ha[s] concluded that a plaintiff's claims [are] not redressable" when a separate law barred the relief the plaintiff sought. *Tokyo Gwinnett*, 940 F.3d at 1266.

But Petitioners could not show redressability even if the district court had enjoined the City from following the Home Rule Act, too. That is because "it must

---

[10] Doc. 1 ¶ 60.
[11] Doc. 26 at 30–32.

7

be the effect of the court's judgment on the defendant—not an absent third party—that redresses the plaintiff's injury, whether directly or indirectly." *Lewis*, 944 F.3d at 1301 (emphasis and quotation omitted). The State of Georgia has the ultimate power to enforce the Home Rule Act, not the City. *See Jones v. Boone*, 297 Ga. 437, 440 (2015) (The City "has no inherent power but can only exercise that power delegated by the legislature."); *Perdue v. Baker*, 277 Ga. 1, 4 (2003) ("Attorney General ha[s] statutory authority to direct litigation on behalf of the State of Georgia."); *see also* O.C.G.A. § 45-15-35 (Georgia governor may "direct the Department of Law, through the Attorney General as head thereof, to institute and prosecute in the name of the state such matters … as he shall deem to be in the best interest of the people of the state."). An injunction against the City would not "oblige[]" the State of Georgia "to honor an incidental legal determination th[is] suit produced." *Id.* (quotation omitted). The State would therefore remain free to enforce the Home Rule Act, even if the City were enjoined from doing so. The State's filings in the trial court and this Court confirm the State's desires to enforce the Act and prevent Petitioners' desired referendum.[12]

---

[12] Amicus Br. of State of Ga. at 1 (district court's injunction "directly impacts the State and its political subdivisions"). The State has plainly stated that the City "lacks the authority to allow for ballot referendum petitions outside of th[e] express authority granted by the General Assembly" in the Home Rule Act. *Id.* at 6.

8

This is a problem of the Petitioners' own making. They initially sued the State of Georgia, but later moved to dismiss the State as a party.[13] That dismissal means the district court cannot grant relief against the State. Without the State as a party, the district court could not grant the relief Petitioners seek. The State will stand as an obstacle to the Petitioners' goal of "successfully petition[ing]" the City "to amend or repeal laws by popular vote"[14] irrespective of an injunction against the City.

## CONCLUSION

For these reasons, the Court should vacate the preliminary injunction and remand with instructions to dismiss for lack of standing or, if it rules on the merits of this dispute, hold that the district court erred in entering the injunction.

---

[13] No doubt because they erroneously sued the State, which has Eleventh Amendment immunity, in its own name. *See Seminole Tribe v. Florida*, 517 U.S. 44, 55 (1996).

[14] Compl. ¶ 61.

Respectfully submitted this 4th day of December, 2023.

                                              */s/ Robert L. Ashe III*
                                              Robert L. Ashe III
                                              Georgia Bar No. 208077
                                              ashe@bmelaw.com
                                              Jane D. Vincent
                                              Georgia Bar. No. 350850
                                              vincent@bmelaw.com
                                              Matthew R. Sellers
                                              Georgia Bar No. 691202
                                              sellers@bmelaw.com
                                              Bondurant, Mixson & Elmore, LLP
                                              1201 W. Peachtree Street, NW
                                              Atlanta, GA 30309
                                              (404) 881-4100 – Telephone

                                              *Attorneys for the City of Atlanta*

# **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that this brief does not exceed the 15 page limit imposed by this Court's order.

This brief complies with the typeface and type-style requirements of Fed. R. App. P. 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word with size 14 Times New Roman font.

This certification is made on December 4, 2023.

*/s/ Robert L. Ashe III*
Robert L. Ashe III
Georgia Bar No. 208077

# CERTIFICATE OF SERVICE

I certify that, on December 4, 2023, I served a copy of this **APPELLANT CITY OF ATLANTA'S SUPPLEMENTAL BRIEF** by filing a copy with the Court's CM/ECF system, which will automatically serve a copy on counsel of record by email.

                                                      */s/ Robert L. Ashe*
                                                      Robert L. Ashe III
                                                      Georgia Bar No. 208077