**No. 23-12469-HH**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

————————————

LISA BAKER, et al.

*Plaintiffs/Appellees*,

v.

CITY OF ATLANTA,

*Defendant/Appellant.*

————————————

Appeal From The United States District Court
For The Northern District Of Georgia
1:23-cv-2999-MHC

————————————

**APPELLEES' MOTION TO SUPPLEMENT
THE RECORD**

————————————

| | |
|---|---|
| Spears & Filipovits, LLC | Law Offices of Gerry Weber, LLC |
| 315 W. Ponce de Leon Ave., Ste. 865 | Post Office Box 5391 |
| Decatur, GA 30030 | Atlanta, Georgia 31107 |
| 404-905-2225 | 404-522-0507 |

C-1 of 2
*Baker et al. v. City of Atlanta*
23-12469-HH

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

Pursuant to 11th Cir. R. 26.1, the following is a complete list of the trial judge(s), all attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the particular case or appeal, including subsidiaries, conglomerates, affiliates and parent corporations, including any publicly held company that owns 10% or more of the party's stock, and any other identifiable legal entities related to a party:

1. Ashe III, Robert L.

2. Atlanta Police Foundation, Inc.

3. Baker, Lisa

4. Bondurant, Mixson & Elmore, LLP

5. City of Atlanta

6. Cohen, Mark H.

7. Defend the Forest

8. Dougherty, Jacqueline

9. Filipovits, Jeff

10. Law Offices of Gerry Weber, LLC

11. Jones, Keyanna

12. Patel, Alkesh B.

13. Sellers, Matthew R.

14. Smith, Wingo

15. Spears, G. Brian

16. Spears & Filipovits, LLC

17. State of Georgia

18. Stop Cop City Coalition

19. Vincent, Jane D.

20. Weber, Gerald

21. Weltner, Amelia

22. Winkles, Logan B.

Pursuant to Eleventh Circuit Rule 26.1-3(b), the undersigned hereby certifies that no publicly-traded company or corporation has an interest in the outcome of the above-captioned case or appeal.

/s/Jeff Filipovits
Jeff Filipovits
Georgia Bar No. 825553

## APPELLANTS' MOTION TO SUPPLEMENT THE RECORD

Pursuant to Federal Rule of Appellate Procedure 27 and 11th Cir. Rule 27-1(c)(7), Plaintiffs hereby move the Court to permit the filing of the attached Ground Lease and declarations to supplement and address this Court's Order to the Parties dated February 10, 2025.

Supplementing the record is appropriate when, like here, the information is dispositive on whether events outside of and subsequent to the Court's record have deprived it of further jurisdiction. *Vital Pharm., Inc. v. Alfieri*, 23 F.4th 1282, 1288 (11th Cir. 2022) (granting a party's motion to supplement the record with facts that determined whether the contract's 12-month non-compete clause had ended and thus rendered part of the appeal moot); *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1170 (11th Cir. 2006) (permitting affidavits that resolved standing and mootness issues raised on appeal); *but see Carver Middle Sch. Gay-Straight All. v. Sch. Bd. of Lake Cnty., Florida*, 842 F.3d 1324, 1331 (11th Cir. 2016) (where facts were in dispute, denying motion to supplement the record with affidavits and remanding to the district court to determine whether party continued to have organizational standing). Therefore, Plaintiffs request that this Court grant their

1

motion to supplement the record with the Ground Lease approved under Ordinance No. 21-O-0367, and the declarations supporting Plaintiffs' argument that the harm they experienced in this case is capable of repetition yet evading review.

### 1.    *The lease between the City of Atlanta and Atlanta Police Foundation is arguably relevant to the mootness inquiry*

This Court's Order directs the parties to address whether the construction of the Atlanta Public Safety Training Facility moots this case. As shown in Plaintiffs' response, the construction of the training facility is only one phase of the Ground Lease approved by the ordinance the referendum would repeal. After the facility's construction, the Ground Lease creates an ongoing obligation on the part of the Atlanta Police Foundation to maintain the training facility. That maintenance obligation continues for the next forty-six years. Hence, the ongoing operation of the facility remains a live dispute under Ordinance 21-O-0367 and the Ground Lease. This ongoing obligation to maintain the facility and the fact the ordinance remains in effect means the facility's completion does not moot the preliminary injunction before the Court, let alone the case, because this Court can still provide meaningful relief to Plaintiffs.

2

While ordinance 21-O-0367 is already in the record, *see* Doc. 21-3, the contract had not been introduced in the district court or on appeal. Therefore, Plaintiffs move this Court to supplement the record with the contract that is the subject of the ordinance.

### 2. *The declarations are relevant to whether this case is capable of repetition but evading review*

The declarations that Plaintiffs seek to submit support their argument that even if the present case were moot, Plaintiffs will experience the same harm in the future. In short, should this referendum fail before reaching a vote, City of Atlanta residents will file another petition seeking to amend the City's Charter to prevent the training facility from operating. Plaintiff Lisa Baker will participate in that effort, and, as argued in the Appellees' brief, the City's ordinance on referendums, Atl. Mun. Code § 66-37, will cause the same harm because it will continue to prohibit Plaintiffs from circulating petitions.[1]

---

[1] Plaintiffs have conferred with the City who does not object to the submission or consideration of the lease to the Court.

Because the declarations shed light on Plaintiffs' arguments about an exception to mootness, Plaintiffs ask this Court to grant the motion to supplement the record.


Respectfully submitted, this 24th day of February, 2025.

/s/Brian Spears
Brian Spears
Georgia Bar No. 670112

/s/Jeff Filipovits
Jeff Filipovits
Georgia Bar No. 825553

/s/Wingo Smith
Wingo Smith
Georgia Bar No. 147896


SPEARS & FILIPOVITS, LLC
315 W. Ponce de Leon Ave.
Suite 865
Decatur, GA 30030
404-905-2225
bspears@civil-rights.law
jeff@civil-rights.law
wingo@civil-rights.law

/s/Gerald Weber
Gerald Weber
Georgia Bar No. 744878

Law Offices of Gerry Weber, LLC
Post Office Box 5391
Atlanta, Georgia 31107
404-522-0507
wgerryweber@gmail.com

4

# **CERTIFICATE OF COMPLIANCE**

Undersigned counsel certifies that this document complies with the 5,200 word limit imposed by Fed. R. App. P. (d)(2)(A) because it contains 595 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface in 14-point Times New Roman font. The motion was prepared using LibreOffice 24.2.7.2.

This 24th day of February, 2025.

<u>/s/Jeff Filipovits</u>
Jeff Filipovits
Georgia Bar No. 825553

Spears & Filipovits, LLC
315 W. Ponce de Leon Ave.
Suite 865
Decatur, Georgia 30306
404-905-2225
jeff@civil-rights.law